UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tyron Gray, *et. al.*,

        Plaintiffs,

v.                                                    Case No.: 15-12241
                                                      Honorable Sean F. Cox

City of Dearborn, *et al*.

        Defendants.

_____/

## OPINION & ORDER

        Plaintiffs, initially proceeding *pro se* in this action, filed their complaint on June 19,

2015, alleging § 1983 claims against the following defendants: (1) City of Dearborn; (2) Officer

Robert Price; (3) Officer Andrew Galuszka; (4) Officer David Lacey; and (5) Officer Jarod

Micallef.  These claims stemmed from an altercation that took place on June 23, 2012.

        Plaintiffs subsequently retained counsel in this action.  (Doc. #28).   On July 18, 2016,

Plaintiffs filed a First Amended Complaint.  (Doc. #31, Am. Compl.).  In it, Plaintiffs have

named 11 new defendants and an indefinite number of John/Jane Doe defendants, in addition to

the defendants originally named in the first complaint.  Plaintiffs' amended complaint also

includes additional factual allegations, which account for ten different incidents between

Plaintiffs and certain defendants.

        The matter is currently before the Court on Defendants City of Dearborn, Robert Price,

Andrew Galuszka, David Lacey, and Jarod Micallef's Motion to Strike Plaintiffs' First Amended

Complaint (Doc. #35) on the basis of misjoinder of parties.  Plaintiffs have filed a response

opposing Defendants' motion.  The Court held a hearing as to the motion on October 27, 2016.

For the reasons that follow, the Court shall **GRANT** Defendants' motion to the extent that Plaintiffs are only permitted to proceed with the § 1983 claims stemming from the June 23, 2012 altercation, against the defendants originally named in their first complaint.  However, pursuant to Rule 21, the Court shall dismiss without prejudice Plaintiffs' remaining claims, which stem from unrelated factual allegations, against the improperly-joined defendants.

## BACKGROUND

Plaintiffs in this action are: (1) Tyron Boisa Gray, Jr.; (2) Nybrieonn Destiny Gray; (3) Nayonn Gray (through Next Friend, Norma Gray); and (4) Donnaja Smith-Gray (through Next Friend, La Donna Smith).  Plaintiffs, who are siblings, bring this action under 42 U.S.C. § 1983.

Initially, Plaintiffs were proceeding *pro se* in this action.  Plaintiffs filed a *pro se* complaint against the City of Dearborn and four City of Dearborn police officers.  Plaintiffs' claims stem from an altercation that took place on June 23, 2012, between Plaintiffs and named defendants.

Plaintiff's subsequently retained counsel in this action.  On July 18, 2016, pursuant to this Court's Scheduling Order (Doc. #30), Plaintiffs filed a First Amended Complaint.  (Doc. #31).  Plaintiffs' amended complaint joins an *additional* 11 named defendants and an indefinite number of John and Jane Doe defendants.  The claims in Plaintiffs' amended complaint stem from 10 alleged incidents/altercations, including the June 23, 2012 incident alleged in the original complaint.  The alleged incidents giving rise to the various claims in the amended complaint occurred over a three-year time span: 2012 through 2015.

On August 1, 2016, Defendants City of Dearborn, and Dearborn police officers Andrew

2

Galuszka, David Lacy, Jarod Micallef and Robert Price filed the instant Motion to Strike, asserting that Plaintiffs have improperly joined multiple, unrelated claims against multiple defendants in a single action. (Doc. #31, Def.s' Br.). The Court shall briefly provide an overview of Plaintiffs' original and amended complaints below.

**Plaintiffs' Original Complaint**

The following were named as defendants in Plaintiffs' original complaint: (1) the City of Dearborn, (2) Robert Price; (3) Andrew Galuszka; (4) David Lacey; and (5) Jarod Micallef. (Doc. #1). Plaintiffs alleged the following § 1983 claims: Count I – Excessive Force and Unreasonable Seizure; Count II – False Arrest and Malicious Prosecution; Count III – Civil Conspiracy to Violate Plaintiffs' Civil Rights; and Count IV – *Monell* claim.

Plaintiffs claims arose from a single altercation involving all plaintiffs and all named officers. In short, Plaintiffs alleged that on June 23, 2012, Plaintiffs were walking toward Ten Eyke Park when a patrol vehicle driven by Defendant Lacey pulled up next to Nybrieonn, Tyreonn and Donnaja and eventually patted them down and placed them in the back of his patrol vehicle. (Doc. #1 at ¶¶ 22-24, 26, 30).

When Tyron Boisa Gray, Jr., walked over, Defendant Lacey allegedly "grabbed" Tyron and "slammed his body against the back of the cop car." (*Id*. at ¶ 32). (*Id*. at ¶ 33). According to Plaintiffs, Nayoon Gray walked over and watched as Defendant Lacey continued to hold Tyron against the patrol vehicle. (*Id*. at ¶ 36).

When Defendant Micallef arrived to the scene, he allegedly ordered Nayoon to "backup [sic], while simultaneously shoving him in the chest." (*Id*. at ¶ 37). According to Plaintiffs, Nayoon was placed in the back of a patrol vehicle. (*Id*. at ¶ 42).

3

Defendants Lacey and Micallef then allegedly "grabbed" Tyron and "threw him face first to the ground."  (*Id*. at ¶ 38).  Defendants Lacey and Micallef then placed their knees on Tyron's back and proceeded to handcuff him.  (*Id*. at ¶ 39).  Defendant Galuszka arrived to the scene.  (*Id*. at ¶ 40).  Plaintiffs allege that Galuszka also assisted in handcuffing Tyron.  (*Id*. at ¶ 41).

The defendants subsequently pulled Tyron from the ground, where he was lying face first, by "grabbing both his forearms and pulling the forearms upward and away from his back."  (*Id*. at ¶ 43).  Tyron was taken to the back of a patrol vehicle and was ordered to remove his shoes, while standing in handcuffs.  (*Id*. at ¶ 44).  When Tyron refused, the officers pulled Tyron's feet out from under him, causing him to fall to the pavement.  (*Id*. at ¶ 46).  Defendant Price was the last officer to arrive.  (*Id*. at ¶ 48).

Nayoon Gray and Donnaja were ultimately released into Norma Gray's custody.  (*Id*. at ¶ 53).  Tyron Boisa Gray, Jr., was charged with assaulting an officer, resisting and obstructing and disturbing the peace.  (*Id*. at ¶ 54).  Tyron was found guilty "only as to an allegation that some spittle made it through a closed squad car window and on to an officer's arm."  (*Id*. at ¶ 55).  The charges against Nybrieonn and Tyreonn were dismissed prior to trial.  (*Id*. at ¶¶ 56-57).

**Plaintiffs' Amended Complaint**

Plaintiffs' amended complaint is brought against the following defendants: (1) City of Dearborn; (2) Dearborn Officer Robert Price; (3) Dearborn Officer Andrew Galuszka; (4) Dearborn Officer David Lacey; (5) Dearborn Officer Jarod Micallef; (6) Dearborn Cpl Gibson; (7) Dearborn Cpl Yamin; (8) Dearborn Sgt Carriveau; (9) Dearborn Cpl Switzer; (10) Dearborn Cpl Grezgorek; (11) Dearborn Cpl Cerroni; (12) Dearborn Cpl Kaponowski; (13) Dearborn Cpl Christensen; (14) Dearborn Cpl MacNamara; (15) City of Dearborn Heights; (16) Dearborn

4

Heights Officer Biek; and (17) Officers John and Jane Does.

In Count I of their amended complaint, Plaintiffs bring a *Monell* claim against

Defendants City of Dearborn and City of Dearborn Heights.  In Count II, Plaintiffs bring various

"civil rights violation claims" under 42 U.S.C. § 1983.  Plaintiffs' amended complaint lists the

following constitutional violations:

1.  Free from improper stops not grounded in both reasonable suspicion and/or probable cause, as afforded each of them under the Fourth Amendment;

2.  Secure in one's person, and thus free from harassment, improper and illegal searches and seizures, false arrests and/or false imprisonment and malicious prosecution, as afforded each of them under the Fourth Amendment;

3.  Free from unreasonable threats and the use of excessive from those persons (i.e. police officers) acting under color of law, as afforded each of them under the Fourth Amendment

4.  Free from the actions of certain individual Police Officers acting under color of law, all done with discriminatory purpose, and resulting with discriminatory effects in direct violation of those constitutional rights afforded each of them under the Equal Protection Clause of the Fourteenth Amendment; and

5.  Free from being the victims of "Selective Enforcement", all in direct violation of those constitutional rights afforded each of them under the Equal Protection Clause of the Fourteenth Amendment

(Am. Compl. at Pg ID 198-200).  Plaintiffs also allege that "the individually named City of

Dearborn Police Officers, were believed to have been acting in concert, and/or in combination,

and/or in civil conspiracy with each other ... while also acting under the color of state law."  (*Id.*

at Pg ID 212).

The claims in Plaintiffs' amended complaint stem from 10 separate incidents/altercations

that span over the course of several years.  Each alleged altercation involved a different set of

5

defendants and a different set of plaintiffs.  The alleged facts differ from incident to incident, however all of the incidents/altercations involve, *inter alia*, allegations of excessive force and/or unreasonable searches and seizures.  Below is a break down of the alleged incidents.

| Incident | Date | Plaintiffs | Defendants |
|---|---|---|---|
| 1 | 6/23/12 | All Plaintiffs | Dearborn: Lacey, Micallef, Galuszka, Price |
| 2 | 3/26/13 | Tyron Boisa Gray, Jr. | Dearborn: Micallef, Gibson, Yamin, Carriveau, Switzer, Grezgorek, Ceroni, Kaponowski, Christensen, Macnamara |
| 3 | 10/19/14 | Tyron Boisa Gray, Jr., Nayonn Gray | Dearborn: John & Jane Does |
| 4 | Fall or Winter 2014 | Tyron Boisa Gray, Jr. | Dearborn or Dearborn Heights: John & Jane Does |
| 5 | 8/13/13 | Nayonn Gray | Dearborn Heights: John & Jane Does |
| 6 | August 2014 | Tyron Boisa Gray, Jr. | Dearborn Heights: John & Jane Does |
| 7 | Summer 2014 | Tyron Boisa Gray, Jr. | Dearborn Heights: John & Jane Does |
| 8 | Fall 2014 | Tyron Boisa Gray, Jr., Nayonn Gray | Dearborn: John & Jane Does |
| 9 | 8/6/15 | Nayonn Gray | Dearborn Heights: John & Jane Does |
| 10 | Summer 2015 | Tyron Boisa Gray, Jr. | Dearborn: John & Jane Does |

## ANALYSIS

### A.    Misjoinder of Parties

Here, Plaintiffs' amended complaint effectively does two things.  First, it adds factual

support to the claims asserted in the original complaint. Second, it outlines new allegations against newly-joined defendants. Defendants' motion to strike appears to takes issue with the latter, *i.e.* the joinder of certain defendants. The Court agrees that Plaintiffs' attempt–through their amended complaint–to allege new and unrelated factual allegations against new defendants is improper.

"The joinder of claims, parties, and remedies is 'strongly encouraged' when appropriate to further judicial economy and fairness." *Fields v. Martin*, 2013 WL 5182182, at *4 (E.D. Mich. Sept. 13, 2013) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966)). This, however, does not confer upon a plaintiff the ability "to join multiple defendants in a single action when the claims are unrelated." *Kitchen v. Heyns*, 2015 WL 4756651, at *3 (E.D. Mich. Aug. 11, 2015) (internal citations omitted). "Thus, [for example], '... a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, *all in different transactions*–should be rejected...'" *Harris v. Gerth*, 2009 WL 368011, at *1 (E.D. Mich. Feb. 11, 2009) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)) (emphasis added).

Federal Rule of Civil Procedure 20(a)(2) only allows the permissive joinder of defendants in a single action if the following two requirements are satisfied:

> (A) any right to relief is asserted against them jointly, severally, or in the alternatively with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Upon review of Plaintiffs' original complaint and the amended complaint, it is clear that

Plaintiffs cannot satisfy the first requirement of Rule 20(a) – that there exists a right to relief arising out of the same transaction or occurrence.

The Court may consider several different factors when determining whether Plaintiffs' civil rights claims against newly-joined defendants arise from the "same transaction or occurrence." *Kitchen*, 2015 WL 4756651, at *4 (citing *Nali v. Michigan Dep't of Corr.*, 2007 WL 4465247, at *3 (E.D. Mich. Dec. 19, 2007)).  These factors can include: "the time period during which the alleged acts occurred; whether the acts of discrimination are related; whether more than one act of discrimination is alleged; whether the same supervisors were involved; and whether the defendants were at different geographical locations."  *Nali*, 2007 WL 4465247, at *3 (internal citations omitted).

Plaintiffs' amended complaint brings various § 1983 claims against a number of newly-joined defendants based on ten separate incidents.  Each alleged incident gives rise to separate § 1983 claims and would require application of different facts to each claim.  The time period between the first incident (June 23, 2012) and the last incident (Summer 2015) is approximately three years.  The alleged incidents took place at different geographical locations and  involve different sets of defendants and plaintiffs.  And only two of the ten incidents actually identify any defendants by name.

The allegations giving rise to the claims against the newly-joined defendants are not related in any way to the June 23, 2012 incident that originally gave rise to the instant action.  And, notably, the June 23, 2012 incident is the only incident involving all Plaintiffs.  As such, Plaintiffs should not be permitted to use their amended complaint as a mechanism for asserting new allegations against improperly-joined defendants.

The Court concludes that Plaintiffs have failed to demonstrate a right to relief arising out of the same transaction or occurrence. *See Nali*, 2007 WL 4465247, at *3 ("Because the claims set forth in the Complaint are factually separable, took place at different time periods, allege that different defendants violated his civil rights in separate ways, and occurred at differing geographic locations, permissive joinder of all [of the] individual defendants would not provide overlapping proof or testimony").

**B.      Remedy for Misjoinder**

Because Defendants are correct in arguing that Plaintiffs' amended complaint improperly seeks to join new defendants, the Court's next task is to determine the proper remedy.  Here, Defendants' motion asks the Court to strike the amended complaint.  The Court notes, however, that the proper remedy for misjoinder is not to strike the amended complaint.  In fact, Federal Rule of Civil Procedure 21 specifically provides the remedy for misjoinder of parties.  First, Rule 21 cautions that misjoinder is not a ground for dismissing an action.  Then, it provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. 21.  "On just terms" has been interpreted to mean to mean "without gratuitous harm to the parties."  *Harris*, WL 5424134, at *5 (citing cases).  In this case, Plaintiffs have not argued that they would suffer any harm should the Court choose to drop, without prejudice, any improperly joined party or claims.[1]

Upon reviewing the original complaint and the amended complaint, the Court shall: (1)

---

[1] Because Michigan law provides for the tolling of the limitations period while an earlier action was pending that was later dismissed without prejudice, *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003), a dismissal of certain claims and defendants without prejudice will not result in gratuitous harm from a statute of limitations perspective.

permit Plaintiffs proceed with the § 1983 claims arising out of the June 23, 2012 incident against Defendants City of Dearborn, Robert Price, Andrew Galuszka, David Lacey, and Jarod Micallef, only; and (2) dismiss without prejudice all of the remaining § 1983 claims against the improperly-joined defendants.

## CONCLUSION & ORDER

For the foregoing reasons, Defendants' motion is **GRANTED** to the extent that Plaintiffs are only permitted to proceed with the § 1983 claims stemming from the June 23, 2012 altercation, against the defendants originally named in their first complaint. The Court shall dismiss without prejudice all of Plaintiffs' remaining claims–which stem from unrelated factual allegations–against the improperly-joined defendants.

Accordingly, **IT IS ORDERED THAT** the following defendants are dismissed from this case without prejudice: (1) Dearborn Cpl Gibson; (2) Dearborn Cpl Yamin; (3) Dearborn Sgt Carriveau; (4) Dearborn Cpl Switzer; (5) Dearborn Cpl Grezgorek; (6) Dearborn Cpl Cerroni; (7) Dearborn Cpl Kaponowski; (8) Dearborn Cpl Christensen; (9) Dearborn Cpl MacNamara; (10) City of Dearborn Heights; (11) Dearborn Heights Officer Biek; and (12) Dearborn Heights Officers John and Jane Does.

Plaintiffs are **THEREFORE ORDERED** to file a second amended complaint that strictly complies with this Court's Opinion & Order **no later than November 10, 2016.** As such, the factual allegations in Plaintiffs' second amended complaint may only relate to the June 23, 2012 incident. Furthermore, the claims in Plaintiffs' second amended complaint may only be asserted against Defendants City of Dearborn, Robert Price, Andrew Galuszka, David Lacey,

and Jarod Micallef.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge


Dated:  November 1, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 1, 2016, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager