UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tyron Boisa Gray, Jr., et al.,

    Plaintiffs,

v.                                  Case No. 15-12241

City Of Dearborn, et al.,            Sean F. Cox
                                        United States District Court Judge
    Defendants.
_____/

## MEMORANDUM ORDER
## GRANTING MOTION TO WITHDRAW AND
## DISMISSING ACTION WITH PREJUDICE
## FOR FAILURE TO PROSECUTE
## AND FAILURE TO COMPLY WITH THIS COURT'S ORDERS

Acting *pro se*, Plaintiffs filed this action on *June 19, 2015*. Tyron Boisa Gray, Jr., Nybrieonn Destiny Gray, Tryreonn Gray, who were all eighteen years of age and older at that time, signed the complaint on their own behalf. The other two named Plaintiffs (Nayoon Gray and Donnaja Smith-Gray) were minors at that time and non-attorney Norma Gray purported to sign the complaint on their behalf as next friend.

This Court dismissed the claims of the two minor Plaintiffs without prejudice in an order issued on August 5, 2015, because they must be represented by an attorney. (*See* D.E. No. 13).

The Court issued the first Scheduling Order (D.E. No. 14) on September 23, 2015, and it stated that discovery would close on February 23, 2016.

Thereafter, this Court granted a Motion to Compel filed by Defendants (D.E. No. 21) and issued a Second Scheduling Order at Defendants' request, due to Plaintiffs' failure to cooperate in discovery. That Second Scheduling Order (D.E. No. 24) provided that witness lists were due

on May 25, 2016 and that discovery would close on June 23, 2016.

Defendants filed a timely witness list (D.E. No. 25). Plaintiffs did not file a witness list as required by the Second Scheduling Order.

On June 6, 2016, attorney Johnny Hawkins filed an appearance on behalf of Plaintiffs. On June 20, 2016, this Court issued a third Scheduling Order in this matter (D.E. No. 30) that provided that witness lists were due on October 3, 2016 and discovery would close on November 1, 2016.

Mr. Hawkins filed a Second Amended Complaint on behalf of Plaintiffs (D.E. No. 40) on November 10, 2016, and that is the operative complaint in this action.

Mr. Hawkins also filed motions seeking to allow Norma Gray to serve as next friend for two minors in the action. This Court granted those motions. (*See* D.E. Nos. 39 & 44).

On January 12, 2016, this Court issued the 4th Scheduling Order (D.E. No. 45) in this action that provided that witness lists were due on June 9, 2017, and that discovery would close on July 10, 2017.

On May 15, 2017, Mr. Hawkins filed a motion seeking to withdraw as counsel for Plaintiffs (D.E. No. 48), stating that the attorney-client relationship had broken down, that he had learned certain information "concerning the Plaintiffs and/or the conduct of the individual Plaintiffs" that he could not disclose, and that some of the Plaintiffs were "either missing altogether and/or completely unavailable" to counsel.

This Court held a hearing on the motion to withdraw on July 6, 2017. All parties, including Plaintiffs, were notified of the hearing. Nevertheless, only Defense Counsel and Mr. Hawkins appeared for the hearing.

On July 7, 2017, this Court issued an "Order Conditionally Granting Motion To

Withdraw As Counsel." (Docket Entry No. 51).

On September 9, 2017, attorney W. Otis Culpepper entered an appearance on behalf of Plaintiffs. (D.E. No. 55). Thereafter, this Court set a Status Conference for September 18, 2017. Counsel for Defendants appeared at the hearing, but neither Plaintiffs nor Mr. Culpepper appeared.

Thereafter, this Court issued an Order to Show Cause Why this Action Should Not Be Dismissed for Failure to Prosecute (D.E. No. 56).

A few days later, on October 6, 2017, Defendants filed a Motion to Dismiss for Lack of Prosecution. (D.E. No. 58). No response to that motion has been filed.

On November 2, 2017, Mr. Culpepper filed a motion seeking to withdraw as counsel for Plaintiffs (D.E. No. 60), stating that Plaintiffs have "failed to disclose pertinent information and evidence" in this matter to him but that "[s]uch information was later inadvertently revealed." Counsel contends that he can no longer represent Plaintiffs based on that information and a total breakdown in the attorney-client relationship.

This Court scheduled a hearing on the Motion to Withdraw, the Motion to Dismiss for Lack of Prosecution and advised the parties that it would hold a Mandatory Status/Scheduling Conference at that same time. (D.E. No. 61). This Court ordered "all named Plaintiffs in this action must appear, in person, for both the motion hearing and the conference" and expressly cautioned Plaintiffs **"that failure to appear as ordered may result in claims being dismissed with prejudice for failure to prosecute and/or comply with this Court's orders."** (*Id.* at 2) (bolding in original).

Mr. Culpepper and Defense Counsel both appeared, as scheduled, for the motion hearing and mandatory status conference on December 7, 2017, at 11:00 a.m. None of the Plaintiffs

appeared, even after the Court waited until 11:25 a.m. At that time, this Court granted Mr. Culpepper's Motion to Withdraw. In addition, given the history of Plaintiffs conduct in this action (failure to cooperate in discovery, failure to file witness lists, failure to appear as ordered by the Court, etc.), the Court also ruled that it was granting Defendants' Motion to Dismiss for Lack of Prosecution, and for failing to comply with this Court's orders.

Accordingly, **IT IS ORDERED** that this action is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: December 7, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 7, 2017, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager